1       E-Filed 9/22/15

2

3

4                   UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   FIRST FINANCIAL SECURITY, INC.,

                Plaintiff,                       Case No.  15-cv-01893-HRL

8

        v.                                       **ORDER DENYING DEFENDANT'S**
9                                                **MOTION TO DISMISS**

    FREEDOM EQUITY GROUP, LLC,                   Re: Dkt. No. 10
10
                Defendant.

11

12          First Financial Security, Inc. ("FFS") sues Freedom Equity Group, LLC ("FEG") for

13   intentional interference with contract as well as related violations of California's Unfair

14   Competition Law ("UCL").  FFS bases its claims on allegations that FEG induced approximately

15   1,400 sales contractors to leave FFS and join FEG en masse.  FEG moves under Federal Rule of

16   Civil Procedure ("FRCP") 12(b)(6) to dismiss for failure to state a claim.  Dkt. No. 10.  FFS

17   opposes the motion.  The parties have expressly consented to magistrate jurisdiction.  The court

18   has considered the arguments in the parties' briefs and the arguments heard on September 1, 2015.

19   The court denies the motion to dismiss.

20                              **DISCUSSION**

21          A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims in the

22   complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where

23   there is no cognizable legal theory or there are insufficient facts alleged to support a cognizable

24   legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

25   The court assumes the truth of factual allegations and construes them in the light most favorable to

26   the claimant.  *Id.*  But the court may disregard conclusions not supported by underlying factual

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).  The court then draws upon its

2   "experience and common sense" to answer a "context-specific" question: do the alleged facts

3   support a plausible claim?  *Id.*

4          Alleged facts do not support a plausible claim when the defendant offers a plausible

5   alternative explanation that is consistent with the alleged facts.  *Eclectic Properties East, LLC v.*

6   *Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (collecting cases and discussing

7   pleading standards).  The alleged facts must provide the opposing party fair notice and an

8   opportunity to defend itself effectively, and those facts must suggest it would be fair to subject the

9   opposing party to the expense of defending against the claim.  *Id.*

10         An interference with contract claim has five elements: (1) a valid contract between the

11  plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's

12  intentional acts designed to induce a breach or disruption; (4) actual breach or disruption of the

13  contractual relationship; and (5) resulting damages.  *Pacific Gas & Electric Co. v. Bear Stearns &*

14  *Co.*, 50 Cal. 3d 1118, 1126 (1990).  The third element does not require specific intent; instead, the

15  plaintiff must show intentional acts that were "certain or substantially certain" to induce a breach

16  or disruption.  *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10 (2009) (*as modified* May 21, 2009).  Acts

17  that "induce a . . . disruption" of contract include acts that do not actually cause breach, but still

18  impede contract performance.  *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122 (1985).

19         The UCL applies when the claimant is harmed by business practices that are also illegal

20  acts.  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163,

21  180 (1999) (internal quotation marks omitted).

22         FEG concedes in its reply that FFS plausibly alleges most of the elements in the claim for

23  intentional contract interference.  Dkt. No. 17 at 1-2.  FEG maintains only that FFS failed to

24  plausibly allege the third element: intentional acts designed to induce a breach or disruption.  *Id*.

25  FFS argues, however, that the complaint contains several specific accusations of intentional

26  conduct by FEG that was substantially certain to induce breaches and disruptions in the contracts

27

28

2

1    between FFS and its sales contractors.  Dkt. No. 14 at 5-6.

2           Indeed, several specific factual allegations support FFS's argument.  The contracts

3    between FFS and its contractors contained non-compete clauses.  Dkt. No. 1, Exh. A at 4.  FFS

4    alleges: (1) an FEG principal met with Moua and Lee in January 2014; (2) the purpose of the

5    meeting was to encourage a mass-defection of the sales contractors who worked under Moua and

6    Lee; (3) Moua and Lee began to agitate against FFS for higher compensation in March and April

7    of 2014; (4) FEG provided both legal and non-legal advice about how the contractors should

8    resign from FFS; (5) many members of Moua and Lee's team sent their resignations to FFS on

9    May 10, 2014, while they met in Moua and Lee's home; (6) FEG drafted the language the

10    defectors used to resign; (7) FEG waived its customary $250 enrollment fee for defectors from

11    FFS; and (8) the defectors assumed the same management hierarchy at FEG that they had used at

12    FFS.  Dkt. No. 1 at 10-13.  These alleged facts plausibly show that FEG's intentional acts were

13    substantially certain to induce breaches and interferences in contracts between FFS and its

14    contractors.

15           Since FEG conceded that the other four elements of intentional contract interference have

16    been plausibly pled, FFS has plausibly alleged each element of intentional interference with

17    contract.

18           FEG provides an alternative explanation of what happened: Moua and Lee "decided on

19    their own" to bring their team to a different brokerage firm.  Dkt. No. 17 at 3.  This explanation

20    cannot defeat plausible allegations of contract interference because it is not consistent with them.

21    *See Eclectic*, *supra*.

22           The UCL claim is plausible because an illegal business practice—intentional interference

23    with contract—has been plausibly alleged as a sufficient predicate.  The alleged facts provide FEG

24    with fair notice and an opportunity to defend itself effectively against FFS's claims.  The alleged

25    facts also show it would be fair to subject FEG to the expense of defending against these plausible

26    claims.

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: 9/22/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

4