Clifford S. Davidson, SBN 246119
cdavidson@sussmanshank.com
David D. VanSpeybroeck (*pro hac vice*)
dvanspeybroeck@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for First Financial Security, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., a Delaware corporation,<br><br>  Plaintiff and Counterclaim-defendant,<br><br>  v.<br><br>FREEDOM EQUITY GROUP, LLC, a California limited liability company,<br><br>  Defendant and Counterclaimant. | Case No.  C 15-1893-HRL<br><br>**DISCOVERY DISPUTE JOINT REPORT #1** |

This Joint Report addresses the failure of Freedom Equity Group, LLC ("FEG") to comply with its discovery obligations. Lead counsel for both sides have communicated numerous times about these issues by telephone and e-mail, and met in person on February 10, 2016 at which time the parties agreed to a production schedule. The parties also conferred in person at the March 15, 2016 mediation in San Francisco, and then conferred again by phone on March 24, 2016. The cutoff for fact discovery currently is April 29, 2016.

Undersigned counsel attests that he complied to the extent possible with the Court's Standing Order Re: Civil Discovery Disputes. Unfortunately, FFS submits the following Discovery Dispute Joint Report #1 without the benefit of FEG's portion. FEG has not supplied its portion of the joint report, despite multiple extensions and a drop-dead deadline of March 29, 2016 with which Defendant stated it would comply.

## BACKGROUND

1. On April 28, 2015, the above-captioned case was filed.

2. On October 1, 2015, the Court entered its Amended Stipulated Order Re Discovery of Electronically Stored Information for Standard Litigation (Dkt. No. 35) (the "ESI Order"). The ESI Order provided, among other things, as stipulated by the parties, that electronically stored information was to be provided in native format. *Id.* ¶ 5.

3. On October 2, 2015, the Court entered a Case Management Scheduling Order (Dkt. No. 37). That Order required, among other things, that fact discovery be completed by March 28, 2016.

4. On December 29, 2015, FFS filed a letter brief with the Court asserting that FEG had violated the Standing Discovery Order (Dkt. No. 50) (the "Discovery Letter Brief").

5. On January 20, 2016, the Court entered an Order Denying Request to Hold a Conference Call and Compel Discovery (Dkt. No. 52). The Court stated therein that it "is presently satisfied that Defendant's counsel has complied with the undersigned's standing order and that judicial intervention is unnecessary at this time . . . . Plaintiff

1  may, however, seek future judicial intervention if the problems described in Plaintiff's
2  discovery letter persist." *Id.* p. 2.

3     6.    On March 3, 2016, the Court entered its Order Granting in Part Motion for
4  Relief from Case Management Schedule (Dkt. No. 57).  That Order, among other things,
5  extended the fact discovery cutoff deadline until April 29, 2016 and described that
6  deadline as "fast."

7  **STATUS OF MEDIATION, DEPOSITIONS, AND DOCUMENT PRODUCTION**

8     <u>Plaintiff's Position</u>

9  FFS served its first discovery request ("RFP I") in September 2015.  On October
10 12, 2015, FFS served a second discovery request ("RFP II").

11 On November 17, 2015, after multiple extensions by FFS, FEG served its written
12 responses to both sets of discovery, as well as non-native versions of some categories of
13 responsive documents.  FFS immediately contacted FEG to request native files pursuant
14 to the ESI Order.

15 On November 19, 2015, FEG's counsel had a medical procedure.  On December
16 1, 2015, FFS's counsel wrote to FEG's counsel to request conferral about FEG's
17 deficient responses and production.  The parties spoke by telephone on December 1,
18 2015, and agreed at that time to formally confer on December 9, 2015.  Later, at FFS's
19 request, that date was changed to December 10, 2015.  On December 10, however, FEG's
20 counsel indicated that he was not able to confer.

21 On December 15, 2015, FFS's counsel again contacted FEG's counsel concerning
22 three separate discovery issues:  (1) the failure to produce native files, (2) February
23 deposition dates (the deposition needed to be continued due to the deficient document
24 production), and (3) production of certain documents that FEG's counsel had agreed to
25 produce during the December 1 call between counsel.

26 Receiving no response to the December 15 communication, FFS sent additional
27 follow-up emails on December 16 and 23, 2015.  The December 16, 2015 email (the
28 "12/16 Email") included a list of categories of documents responsive to RFP I and RFP II

1  which FEG has not produced.[1]

2  When FEG also did not respond to those communications, FFS filed the Discovery
3  Letter Brief on December 29, 2015.  As noted above, on January 20, 2016, the Court
4  entered an Order Dkt. No. 52) denying the relief requested in the Discovery Letter Brief
5  on the grounds that FEG's counsel was in compliance with the Standing Discovery
6  Order.  However, the Court authorized FFS to seek future judicial intervention if the
7  problems described in the Discovery Letter Brief persisted.  *Id.*

8  Unfortunately, the problems described in the Discovery Letter Brief have
9  persisted.

10  Since January 20, 2016, FFS has continued to confer with FEG about FEG's
11  deficient discovery responses and production.

12  Among other things, counsel met in person, as required by the Standing Discovery
13  Order, on February 10, 2016, at the deposition of Michael Jones in San Jose, CA.  The
14  parties discussed FEG's production at length at that time, including the 12/16 Email.

15  Specifically, Mr. Jones and/or counsel to FEG made the following representations
16  with respect to categories of documents that still have not been produced in response to
17  RFP I and RFP II:

| **Category of Document/RFP Request #** | **FEG Representation re Production on 2/10/16** |
|---|---|
| Any documents showing financial performance of Moua's team (RFP I 9) | Production acknowledged as incomplete; "expect" but "can't promise" to produce "by the end of next week at the latest" 2/10/16 M. Jones Deposition Transcript ("Dep. Tr.") pp. 49-51[2] |
| Any documents re January 2014 meeting in Texas (RFP I 11) | Will search for responsive documents.  Dep. Tr. pp. 51-54. |

---

[1] The Standing Discovery Order does not permit exhibits to be attached to this Joint Report absent leave of court, other than copies of discovery requests and responses. *See* Standing Discovery Order at ¶ 2.D(iv).  FFS will provide a copy of the 12/16 Email to the Court upon request.

[2] FFS is not authorized to attach a copy of the Deposition Transcript to this Joint Report. *See* fn. 1, *supra.*  FFS will provide a copy of entire transcript, or the relevant excerpts, upon request.

-3-
DISCOVERY DISPUTE JOINT REPORT #1
Case No. C 15-1893-HRL

| Category of Document/RFP Request # | FEG Representation re Production on 2/10/16 |
|---|---|
| Any documents re August 2015 GM Empire event (RFP I 12, 13) | Will "do a diligent search and make sure that you have every document that you're entitled to." Dep. Tr. pp. 54-57 |
| Any documents re income or compensation earned by Moua from FEG (RFP I 23) | Will provide documents.  Dep. Tr. pp. 58-59, 61. |
| Any documents re May 10 meeting (RFP I 27) | All produced.  Dep. Tr. pp. 64-65. |
| Any applications by members of Moua's team to enroll with FEG (RFP I 30, 31, 32) | Will provide documents.  Dep. Tr. pp. 66-70. |
| List of Moua's current downline team (RFP I 35) | Will provide documents.  Dep. Tr. p. 71. |
| FEG organizational chart (RFP I 36) | No organizational chart exists; will look into producing list of hierarchy of downline employees.  Dep. Tr. pp 71-76. |
| FEG operating agreement (RFP I 37) | None could be located.  Dep. Tr. pp. 76-77. |
| List of all members of FEG (RFP I 38) | Provided at February 10 deposition.  Dep. Tr. pp. 77-79. |
| Any documents related to agreements or contracts with Jones (RFP I 40) | No documents exist.  Dep. Tr. pp. 79-80. |
| Any FEG financial statements or tax returns (RFP I 51, 52) | Not all financial statements have been produced but FEG "will produce" them.  FEG refuses to produce tax returns (although it has them), asserting they are not discoverable.  Dep. Tr. pp. 87-88. |
| Any documents re meeting at Crown Plaza in St. Paul (RFP I 53, 54) | Does not believe documents exist but "will see what's there."  Dep. Tr. pp. 88-89. |
| Phone records, text messages, etc. for Bloomingkemper, Petrinovich, St Clair, Jones (RFP I 60, 61, 62. 63) | Will "do another search" for Jones texts; for others FEG counsel "will take it upon myself to follow up on that and find out what there is." Dep. Tr. pp. 89-96. |
| FEG budgets (RFP I 68) | No documents exist.  Dep. Tr. p. 96. |
| FEG compensation structure (RFP I 70) | Will gather and produce documents, pursuant to protective order.  Dep. Tr. pp. 96-99. |
| Copy of FEG Agreement in effect from Jan 2014 to present (RFP II 10) | Will produce.  Dep. Tr. pp. 99-100. |
| Copy of FEG Agreement signed by Moua (RFP II 9) | Will produce.  Dep. Tr. pp. 101-102. |

-4-
DISCOVERY DISPUTE JOINT REPORT #1
Case No. C 15-1893-HRL

1    FFS waited a reasonable period of time after February 10, 2016, for FEG to
2 produce the documents it promised to produce.  FEG has produced nothing since that
3 date.

4    FFS and FEG further conferred at the March 15, 2016 mediation concerning
5 FEG's failure to produce documents.  This conferral occurred outside the context of
6 settlement discussions – and, indeed, before the mediator arrived.

7    FFS served this Joint Report #1 on March 17, 2016 – though, that version of the
8 Joint Report did not reflect the subsequent insufficient production described below – and
9 requested a response by March 24.  The afternoon of March 24, Defendant requested an
10 extension to Monday, March 28.  Also, counsel for Plaintiff and Defendant conferred by
11 phone regarding the discovery for approximately 45 minutes.  Plaintiff's counsel
12 explained precisely the searches counsel needed to perform, the inquiries counsel and
13 defendant needed to make, and the documents Plaintiff expected to be produced based on
14 the deposition testimony in this case.

15    On March 28, 2016, FEG requested a "drop-dead" extension by one day to March
16 29, 2016.

17    On March 29, 2016, FEG produced a small number of documents.  FEG produced
18 <u>screen shots</u> showing <u>portions</u> of reports generated by some of the native data FFS
19 requested.  These data pertain to when Moua's team registered at FEG and whether they
20 were charged the customary fee to join FEG – information key to Plaintiff's case.
21 Plaintiff's counsel specifically stated that screen shots would not be acceptable, and that
22 Plaintiff needed the underlying data from FEG's database, consistent with the ESI Order
23 entered by this Court.

24    Also on March 29, FEG produced what it claims to be the agreement that Moua
25 signed when he enrolled with FEG in May 2014.  In fact, the metadata indicates that the
26 agreement was created in December 2015.  Further, Plaintiff had requested all versions of
27 the agreement.  FEG produced only the December 2015 version.

28    FEG also produced what appears to be financial information for Moua's team,

-5-
DISCOVERY DISPUTE JOINT REPORT #1
Case No. C 15-1893-HRL

1  though there are no labels to the multiple columns in the spreadsheet produced so it is
2  impossible to tell whether the data are complete and what the various data signify.
3      FEG produced a single FEG board resolution, but no other corporate documents.
4      FEG did produce native versions of the emails of <u>one custodian</u>: Michael Jones.
5      Finally, FEG updated its written RFP responses.
6      Other than the foregoing, FEG did not comply as promised. Even after producing
7  these limited documents, FEG stated, at 5:57 p.m. on March 29, 2016, that FEG would
8  provide its portion of this Report – presumably by the deadline.[3]
9      Unfortunately, this case is following the pattern of the Minnesota Action against
10 Moua and Lee, in which Moua and Lee indisputably have been guided by FEG in the
11 course of their litigation. In the Minnesota Action, the Magistrate Judge and District
12 Judge imposed monetary sanctions and adverse inferences based on Moua's and Lee's
13 discovery abuses. (*First Fin. Sec., Inc. v. Mai Lee,* No. 14-CV-1843 (PJS/SER), 2016
14 U.S. Dist. LEXIS 29585, at *1 (D. Minn. Mar. 8, 2016)).[4]
15     FFS requests the Court enter an order compelling FEG to produce the promised
16 documents immediately and awarding such other relief as may be warranted under the
17 circumstances. If the Court would like further information, such as exhibits or
18 declarations, FFS is happy to oblige.
19     / / /
20     / / /
21     / / /
22     / / /
23     / / /

---

[3] On March 25, FFS informed FEG that FFS would file this report on March 29 with or without its input. FFS then agreed to a <u>further</u> extension at FEG's request. FEG appears to have chosen not to provide any explanation of it March 29 production despite the fact that FEG had plenty of time on March 29 to do so.

[4] In fairness to FEG's counsel Mr. Sisco, he did not substitute into the Minnesota action on the defendants' behalf until after the discovery abuses in that case had occurred. The point remains, however, that FEG, and specifically Mike Jones, is obstructing discovery in both actions.

-6-
DISCOVERY DISPUTE JOINT REPORT #1
Case No. C 15-1893-HRL

<u>Defendant's Position</u>

Despite multiple extensions and an ultimate "drop-dead" deadline (to use the words of FEG's counsel) of March 29, 2016, FEG has not provided its portion of this submission.

SUSSMAN SHANK LLP

By  /s/ Clifford S. Davidson
    Clifford S. Davidson (SBN 246119)
    David D. VanSpeybroeck (*pro hac vice*)
    Attorneys for Plaintiff
    Email: cdavidson@sussmanshank.com
          dvanspeybroeck@sussmanshank.com

SISCO AND NARAMORE

By _____
    Kenneth D. Sisco (SBN 69814)
    Attorneys for Defendant
    Email: skendbiz@gmail.com