E-Filed 4/5/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br><br>  Plaintiff, <br><br> v. <br><br> FREEDOM EQUITY GROUP, LLC, <br><br>  Defendant. | Case No.  15-cv-01893-HRL <br><br> **ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM** <br> Re: Dkt. No. 41 |

First Financial Security, Inc. ("FFS") sues Freedom Equity Group, LLC ("FEG") for intentional interference with contract and related violations of California's Unfair Competition Law ("UCL").  FFS alleges that FEG induced approximately 1,400 sales contractors to leave FFS and join FEG en masse.  The defectors allegedly followed the lead of former FFS employee Gilles Moua ("Moua").  The parties expressly consented to magistrate-judge jurisdiction and FEG moved to dismiss for failure to state a claim.  The court denied FEG's motion.

FEG now alleges the CEO of FFS, Phil Gerlicker ("Gerlicker"), met with Moua in Nevada to discuss the possible settlement of a case FFS has filed separately against Moua in the District of Minnesota, but that instead Gerlicker aggressively pressured Moua to leave FEG and work for FFS again.  Dkt. No. 38 at 9-11.  FEG therefore counterclaims for intentional interference with contract.  Dkt. No. 38.  FFS moves the court to strike the counterclaim under California's anti-SLAPP statute and to award statutory attorney fees for the costs of litigating the anti-SLAPP motion.  Dkt. No. 41.

The court has considered the parties' arguments and has conducted its own research.  The court grants the motion to strike.

**Discussion**

SLAPP stands for Strategic Lawsuit Against Public Participation.  California enacted its

anti-SLAPP statute in order to discourage claims "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). A federal court may apply an anti-SLAPP statute in diversity-jurisdiction cases. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). Nevada also has an anti-SLAPP statute that might govern FFS's anti-SLAPP motion because the events underlying FEG's counterclaim allegedly occurred in Nevada.

The court applies California's choice-of-law rules in this diversity case. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). California uses a "governmental interest analysis [to] resolv[e] choice-of-law issues": the court must "evaluate[] and compare[] the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (2006).

FFS argues that the Ninth Circuit already considered an analogous situation and concluded—both because the claimant was a California resident and because California was the forum state for the claim—that California's anti-SLAPP statute applied instead of Nevada's. Dkt. No. 41 at 6 (citing *Francis v. Wynn Las Vegas*, 557 Fed. Appx. 662, 664 (2014)). FEG does not contest FFS's choice-of-law argument. The court is persuaded that California has a stronger interest than Nevada in discouraging California residents from filing vexatious claims within California's borders, even if the events giving rise to the claim occurred in Nevada. *See Francis*, 557 Fed. Appx. at 664. California's anti-SLAPP statute therefore applies here.

Anti-SLAPP analysis has two steps under California law. First, FFS has the burden to establish that FEG's counterclaim arises from activity FFS undertook in furtherance of the rights of petition or free speech. *Flatley v. Mauro*, 39 Cal. 4th 299, 314 (2006). Second, if FFS carries its burden, then the court shall strike FEG's counterclaim unless FEG establishes a probability of prevailing on the counterclaim; this requires FEG to assert facts which, if proven at trial, would support a judgment on the counterclaim. *Id.* The court determines whether the parties have carried their burdens by considering "the pleadings[] and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code §

1    425.16(b)(2). An anti-SLAPP movant who prevails on the motion "shall be entitled to recover . . .
2    attorney[] fees and costs" where, as here, the claim targeted by the motion was not brought under
3    "Section 6259, 11130, 11130.3, 54960, or 54960.1 of the [California] Government Code." Cal.
4    Civ. Proc. Code § 425.16(c); *e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-
5    cv-04050-MEJ, 2015 WL 6955086 at 27 (N.D. Cal. Nov. 10, 2015).

   FFS argues that settlement negotiations fall within the statutory definition of activities undertaken in furtherance of the rights of petition and free speech. Dkt. No. 41 at 6-7 (citing *Seltzer v. Barnes*, 182 Cal. App. 4th 953, 963-64 (2010) (collecting cases)). FEG argues in opposition that "just because two persons are involved in a lawsuit[] does not mean that all speech between the parties[] are settlement negotiations[] and therefore protected." Dkt. No. 43 at 5-6. The court agrees with FFS. FEG is correct that violent or criminal conduct does not receive anti-SLAPP protection, *e.g.*, *Lam v. Ngo*, 91 Cal. App. 4th 832, 851 (2001), but FEG has not alleged violence or criminality. Rather, a settlement offer is an action undertaken in furtherance of the rights of petition and free speech even where, as here, that offer allegedly constitutes an intentional interference with a contract. *Seltzer*, 182 Cal. App. 4th at 963. FFS has therefore carried its burden to show the counterclaim arises from conduct—Gerlicher's alleged offer on behalf of FFS to settle a case against Moua—that is protected by California's anti-SLAPP statute.

   The court shall therefore strike the counterclaim if FEG has failed to assert facts that, if proven at trial, would justify a judgment on the counterclaim. This raises a second choice-of-law issue: does the law of California or Nevada govern FEG's counterclaim? The underlying misconduct occurred in Nevada but allegedly harmed a California resident. FFS argues, however, that the court does not need to resolve this choice-of-law issue because under the law of either state FEG has failed to show that it might be able to prove actual damages at trial. Dkt. No. 41 at 9.

   The court agrees. Both California and Nevada require proof of actual damages for a claimant to recover under a theory of intentional contract interference. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); *J.J. Industries, LLC v. Bennett*, 119 Nev. 269, 274 (2003). The counterclaim asserts no particular damages and simply states that the

3

1  damages exceed the jurisdictional minimum. Dkt. No. 38 at 10. FEG's opposition brief likewise
2  asserts that "the interference with FEG's contract and economic advantage[] w[as] disruptive and
3  caused a loss of revenue" but FEG has provided no particular facts to support that conclusion.
4  Dkt. No. 43 at 9. FEG also attached a declaration from Moua to its opposition brief, but Moua
5  declares simply that Gerlicher "bull[ied]" Moua and that Moua nevertheless refused to breach his
6  contract with FEG. Dkt. No. 43 at 11-12. The fact that Moua remained loyal tends to show, if
7  anything, that FEG has suffered no damages. FEG has failed to show that it might be able to
8  prove the actual-damages element of the counterclaim and FEG has therefore failed to assert facts
9  which, if proven at trial, would justify a judgment in favor of FEG on the counterclaim. The court
10 strikes the counterclaim and rules that FFS is entitled to the attorney fees and costs of litigating its
11 successful anti-SLAPP motion. Cal. Civ. Proc. Code § 425.16(c).

12    FEG requests leave to amend its damages allegations if the court deems them insufficient.
13 Dkt. No. 43 at 9. FFS relies upon *Mobile Medical Services for Physicians & Advanced Practice*
14 *Nurses, Inc. v. Rajaram*, 2441 Cal. App. 4th 164 (2015), to argue the court must, instead, strike
15 FEG's counterclaim with prejudice. Dkt. No. 41 at 10. FFS misreads *Rajaram*. A court may not
16 grant the non-movant leave to amend for the purpose of deleting allegations that show the movant
17 carries its burden in the first step of anti-SLAPP analysis, but a court may grant the non-movant
18 leave to amend for the purpose of alleging additional contextual facts that might show the non-
19 movant nevertheless carries its burden at the second step. *See Rajaram*, 2441 Cal. App. 4th at 171
20 (citing *Nguyen-Lam v. Cao*, 171 Cal. App. 4th 858, 870-71 (2009)). This rule minimizes the
21 imposition on the movant and protects against artful pleading while still permitting the non-
22 movant, at the court's discretion, an opportunity to fairly contextualize incomplete allegations.
23 *See id.*

24    The court therefore has discretion to grant FEG leave to amend the counterclaim to include
25 additional damages allegations which, if proven at trial, could justify judgment for FEG. The
26 court notes that FEG's initial allegations strongly suggest that FEG cannot show any damages
27 because Moua remained loyal when he was pressured to break his contract. Nevertheless, if FEG
28 truly believes that it can establish a probability of proving the actual-damages element, and if FEG

4

believes that the filing of an amended counterclaim is worth the risk that FFS might respond with another anti-SLAPP motion, then the court sees no good reason to foreclose that option. The court grants FEG leave to file an amended counterclaim no later than April 15, 2016.

The court notes one last argument by FFS: Nevada and California's litigation privileges, regardless of which one applies here, both bar the admission of the alleged settlement offer that is central to FEG's counterclaim, and therefore FEG could not possibly prove a counterclaim based on that alleged offer. Dkt. No. 41 at 8-9. The court sees a possible choice-of-law problem with FFS's argument. The settlement talk underlying FEG's counterclaim was an attempt to settle a case that FFS, a Delaware corporation, had filed against Moua in Minnesota. *First Financial Security, Inc. v. Moua et al.*, No. 14-cv-1843 (D. Minn. 2014). It seems very likely to the undersigned that Minnesota has a predominant interest in applying its privilege laws to the settlement talk between Moua and FFS: that conversation was an attempt to settle claims that arose and are being litigated within Minnesota, and Moua was allegedly a Minnesota resident "[a]t all . . . times" material to that ongoing case. *Id.*, Dkt. No. 1 at 1. The parties do not discuss in their briefs whether Minnesota law might govern FFS's litigation-privilege claim or what the result of that claim might be under Minnesota law. The court concludes that the litigation-privilege argument has not been fairly presented and the court declines to rule on that argument at this time. The court therefore grants FFS's anti-SLAPP motion on the sole basis of FEG's failure to show that it might be able to prove damages at trial.

## Conclusion

The court strikes FEG's counterclaim because FFS has shown the counterclaim arises from conduct protected by California's anti-SLAPP statute and FEG has not shown a probability that it could prove the damages element of its counterclaim at trial. FFS is entitled to the attorney fees and costs of litigating its successful anti-SLAPP motion. FEG may file an amended counterclaim by April 15, 2016, but FEG is not permitted to alter or remove the allegations that were in the original counterclaim; rather, FEG has leave only to add additional allegations that might show

1  FEG has a probability of proving damages at trial.

2  **IT IS SO ORDERED.**

3  Dated: 4/5/16

_____
HOWARD R. LLOYD
United States Magistrate Judge

6