E-Filed 5/26/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br>     Plaintiff, <br> v. <br> FREEDOM EQUITY GROUP, LLC, <br>     Defendant. | Case No. 15-cv-01893-HRL <br><br> **ORDER GRANTING MOTION TO STRIKE** <br> Re: Dkt. No. 42 |

First Financial Security, Inc. ("FFS") sues Freedom Equity Group, LLC ("FEG") for intentional interference with contract and related violations of California's Unfair Competition Law ("UCL"); FFS alleges FEG induced approximately 1,400 sales contractors to leave FFS and join FEG en masse.

FFS moves the court to strike thirteen of FEG's fifteen affirmative defenses and to strike FEG's request for attorney fees and costs.[1] FFS argues: (1) the thirteen affirmative defenses are insufficiently pled or immaterial; and (2) there is no valid basis to request attorney fees and costs in this diversity-jurisdiction case. Dkt. No. 42 at 2-6. FEG answers: (1) motions to strike under Federal Rule of Civil Procedure 12(f) are generally "disfavored"; and (2) several courts "require a showing of prejudice" before granting a motion to strike, and there is no prejudice to FFS here. Dkt. No. 44 at 3-6. FFS replies that FEG relies entirely on general guidelines from stale decisions. *See* Dkt. No. 48 at 2-3.

## Legal Standard

The court "may strike from a pleading an insufficient defense or any . . . redundant" or

---

[1] FFS concludes its motion by asking the court to strike, inter alia, the first affirmative defense. Dkt. No. 42 at 6. This request seems accidental; FFS provides no justification for it and it is the first and only reference to the first affirmative defense. The court denies the unjustified request to strike the first affirmative defense, and this order shall focus on FFS's other requests.

1  "immaterial . . . matter[.]" Fed. R. Civ. P. 12(f). An affirmative defense is "insufficiently pled"
2  and should be stricken for lack of "fair notice" if it is not supported by specific alleged facts "that
3  would make the affirmative defense plausible on its face." *E.g.*, *Erickson Prods., Inc. v. Kast*, No.
4  5:13-cv-05472-HRL, 2014 WL 1652478, at *2 (N.D. Cal. Apr. 23, 2014). "A matter is immaterial
5  if it has no essential or important relationship to the claim for relief[.]" *Id.* (citing *Barnes v. AT&T*
6  *Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170, 1172 (N.D. Cal.
7  2012)). The court "must deny [a] motion to strike if there is any doubt whether the allegations . . .
8  might be relevant" to the case, but a motion to strike should be granted "when a defense is
9  insufficient as a matter of law." *Oracle America, Inc. v. Micron Technology, Inc.*, 817 F. Supp. 2d
10  1128, 1132 (N.D. Cal. 2011).

11  Motions to strike are disfavored and therefore "should not be granted unless it is clear that
12  the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Id.*
13  at 1131 (quoting *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).
14  The court "must view the pleading in [the] light most favorable to the pleading party." *Id.*
15  (quoring *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).

### Discussion

17  This court applies the pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550
18  U.S. 544 (2007), and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to determine whether an
19  affirmative defense has been implausibly pled. *E.g.*, *Barnes*, 718 F. Supp. 2d at 1171. The court
20  assumes the truth of specific factual allegations, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
21  2001), but may disregard conclusions not supported by specific factual allegations, *Iqbal*, 556 at
22  663-64. The court then draws upon its "experience and common sense" to answer a "context-
23  specific" question: do the alleged facts support a plausible legal theory? *See id.*

24  FEG provides no direct response to any of FFS's specific arguments. FEG recites general
25  guidelines that predate the modern plausibility standard, but FEG does not discuss the validity of
26  any particular affirmative defense. Dkt. No. 44 at 3-6. At best, FEG cites a Ninth Circuit case
27  from 2010, *Whittlestone, Inc. v. Handi-Craft Company*, 618 F.3d 970, 973-74, but FEG cites that
28  case only for: (1) a paraphrasing of the plain text of Federal Rule of Civil Procedure 12(f); and (2)

2

general guidelines which do not contradict the modern plausibility standard. Dkt. No. 44 at 5-6. The court shall therefore focus its analysis on the validity of the specific arguments raised by FFS.

FFS argues the third and eleventh affirmative defenses—knowing-and-voluntary waiver and waiver-by-conduct of any claims, Dkt. No. 38 at 7, 9—should be stricken "for failure to identify any conduct indicating relinquishment of a known right." Dkt. No. 42 at 4. The court agrees. FEG asserts in each waiver defense the legal conclusion that waiver occurred, but provides no particular factual allegations that might support those conclusions. Dkt. No. 38 at 7, 9. These unsupported conclusions are implausible and shall be stricken as insufficiently pled.

FFS argues the fourth and fifth affirmative defenses—FFS caused its own damages and third-parties caused FFS's damages, Dkt. No. 38 at 8—should be stricken because FEG failed to plead any particular facts that might plausibly show how someone other than FEG caused FFS's damages. Dkt. No. 42 at 4. The court is not entirely persuaded by FFS's reasoning. Although no allegations support the caused-its-own-damages defense, FEG fairly alleges it did not ask former FFS contractors Gilles Moua and Mai Lee to recruit their former subordinates from FFS and that FFS did not knowingly support any such efforts. Dkt. No. 38 at 3-4. These allegations, taken to be true and construed in the light most favorable to FEG, plausibly show FEG lacks a sufficient causal link to damages directly caused by Moua and Lee.

Nevertheless, the fourth and fifth affirmative defenses should be stricken because they are not affirmative defenses. An affirmative defense "plead[s] matters extraneous to the plaintiff's prima facie case" in order to show relief should not be granted "even if the allegations in the complaint are true." *Joe Hand Promotions, Inc. v. Davis*, No. 11-cv-06166-CW, 2012 WL 4803923, at *4 (N.D. Cal. Oct. 9, 2012) (quoting *J & J Sports Productions v. Gidha*, 2012 WL 537494, at *3 (E.D. Cal. Feb. 17, 2012) (internal quotation mark omitted)). Defenses which merely deny an element of a claim are therefore "not affirmative defenses." *Id.* (citing *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010)). Under any body of law which might apply, causation is an element of an intentional-interference-with-contract claim. *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); *United Wild Rice, Inc.*, 313 N.W. 2d 628, 632 (Minn. 1982);

*AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A. 2d 428, 437 n.7 (Del. 2005). Causation is therefore a claim element which FEG may dispute at trial rather than an affirmative defense, and the court is satisfied that it should strike as redundant the fourth and fifth affirmative defenses.

FFS argues the sixth affirmative defense, assumption of risk, Dkt. No. 38 at 8, should be stricken both for FEG's failure to allege any facts that tend to show FFS assumed a risk and because the defense, as a matter of law, does not apply to intentional torts. Dkt. No. 42 at 4 (citing *Ordway v. Superior Court*, 198 Cal. App. 3d 98, 108 (Ct. App. 1988)). The court agrees FEG failed to allege any particular facts to show FFS plausibly assumed any particular risk, and the court therefore strikes FEG's sixth affirmative defense as insufficiently pled. The court declines to rule on whether the defense would fail as a matter of law.

FFS argues the seventh affirmative defense—the alleged conduct was "privileged and/or justified[,]" Dkt. No. 38 at 8—fails because FEG has failed to plead any "valid factual basis" for it. Dkt. No. 42 at 5 (quoting *Mayfield v. County of Merced*, No. 13-cv-1619-LJO-BAM, 2015 WL 791309, at *5 (N.D. Cal. 2015)). The court agrees. FEG's pleadings fail to plausibly show any particular "legally recognized privilege or justification" might excuse FEG from liability for the alleged damages. *See Lowell v. Mother's Cake & Cookie Co.*, 79 Cal. App. 3d 13, 20 (1978). The court therefore strikes as insufficiently pled the seventh affirmative defense.

FFS asserts the eighth affirmative defense—failure "to fulfill conditions precedent to the enforcement of any" pertinent contract, Dkt. No. 38 at 8—should be stricken "because it does not identify any conditions or explain how FFS failed to satisfy them." Dkt. No. 42 at 4-5 (citing *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-cv-01245-LHK, 2012 WL 3945482, at *4 (N.D. Cal. Sept. 10, 2012)). The court agrees this defense should be stricken, as insufficiently pled, for FEG's failure to identify any particular "terms and conditions of an[y] identifiable contract or agreement that [FFS] allegedly failed to satisfy." *See Ansari*, 2012 WL 3945482, at *4.

FFS argues FEG fails to sufficiently plead the ninth affirmative defense, equitable estoppel, Dkt. No. 38 at 8, because FEG did not allege facts to "support[] the elements of

estoppel[,]" Dkt. No. 42 at 5 (citing *Hernandez v. County of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015)). The court agrees. A court may equitably estop a party when: (1) "the party to be estopped" knew certain "facts"; (2) that party intended for "his conduct" to be acted upon; (3) "the other party [was] ignorant of the true facts"; and (4) the other party "[relied] upon the conduct to his injury." *E.g.*, *Hernandez*, 306 F.R.D. at 283 (citing *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-cv-01245-LHK, 2013 WL 664676, at *3 (N.D. Cal. Feb. 22, 2013)). FEG makes no particular allegations to show what pertinent facts were known by FFS but not FEG, what FFS intended, how FEG relied on the conduct of FFS, or what injury FEG suffered from its reliance. The court therefore strikes as insufficiently pled the ninth affirmative defense.

FFS states that the tenth affirmative defense is "impermissible boilerplate." Dkt. No. 42 at 5 (citing *Joe Hand Promotions*, 2012 WL 4803923, at *6). The decision relied upon by FFS does not discuss "impermissible boilerplate[.]" *See Joe Hand Promotions*, 2012 WL 4803923. The undersigned is nevertheless satisfied that the tenth affirmative defense, failure to mitigate damages, should be stricken. Mitigation-of-damages allegations must plausibly show that a claimant could have mitigated his damages with certain "reasonable efforts after the wrong was committed." *Ansari*, 2013 WL 664676, at *4 (quoting *Smith v. Ardew Wood Products, Ltd.*, C07-5641-FDB, 2009 WL 36882, at *2 (W.D. Wash. Jan. 5, 2009)). FEG asserts in its tenth affirmative defense merely that FFS "failed to mitigate its damages . . . and therefore is precluded from the recovery sought" in this case, Dkt. No. 38 at 9; FEG's unsupported legal conclusion fails to plausibly show FFS could have mitigated its damages with certain reasonable efforts. The court therefore rules that the tenth affirmative defensive is insufficiently pled.

FFS argues the twelfth affirmative defense, laches, Dkt. No. 38 at 9, "should be stricken for failure to allege facts supporting unreasonable delay and prejudice[,]" Dkt. No. 42 at 5 (citing *Hernandez*, 306 F.R.D. at 290-91). The court agrees. A defendant "must prove (1) unreasonable delay and (2) prejudice" to show laches applies, and the defense should therefore be stricken where, as here, a defendant's allegations "contain no information about delay or prejudice[.]" *Hernandez*, 306 F.R.D. at 291. The court shall strike the twelfth affirmative defense as insufficiently pled.

FFS argues the thirteenth affirmative defense—"[a]ny recovery . . . is barred by the statute of limitations[,]" Dkt. No. 38 at 9—should be stricken "because FEG has not identified either an applicable limitations period . . . or alleged facts indicating that the statute has passed." Dkt. No. 42 at 5 (citing Cal. Code Civ. P. § 458 and *Joe Hand Promotions*, 2012 WL 4803923). The court is not persuaded that California's statute-of-limitations pleading standard applies here instead of the federal plausibility standard. *See* Cal. Code Civ. P. § 458. Regardless, the court agrees FEG failed to allege facts to plausibly show the pertinent limitations periods expired before FFS filed its complaint. The limitations period for an intentional-interference-with-contract claim is within "two years" of the claimant "discover[ing] . . . the loss or damage suffered[.]" Cal. Code Civ. P. § 339(1); *e.g.*, *Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (Ct. App. 1974). The limitations period for a UCL claim is "four years" from "after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. FFS alleges it was harmed when FEG caused a mass-resignation of sales contractors in May of 2014, Dkt. No. 1 at 8-9; this would mean that FFS's claims accrued in May of 2014, that less than one year passed before FFS filed its complaint in April of 2015, and that FFS therefore filed its complaint before either of the limitations periods ended. FEG does not allege a different timeline; rather, FEG answers that it lacks sufficient information to deny the timeline alleged by FFS. *Compare* Dkt. No. 1 at 8 *with* Dkt. No. 38 at 3. FEG has therefore failed to allege particular facts to show its statute-of-limitations defense is plausible; the court shall strike it as insufficiently pled.

FFS relies on *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-00168-LHK (N.D. Cal. Sept. 23, 2010), to argue FEG's fourteenth affirmative defense—"[a]ny recovery . . . is barred by the statute of frauds[,]" Dkt. No. 38 at 9—is "immaterial" because FEG admits the existence of "the relevant written contract[.]" Dkt. No. 42 at 5. FFS misreads *Nguyen*, which ruled that a statute-of-frauds defense was "immaterial" because it was not "applicable" to the non-contractual claims before the court. No. 10-cv-00168-LHK, Dkt. No. 18 at 6-7. The court agrees, however, that the statute-of-frauds defense should be stricken here. FEG admits the pertinent written contracts existed between FFS and its sales contractors. *See* Dkt. No. 38 at 2; Dkt. No. 1 at 3; *see also* Dkt. No. 1-1. Even if the court assumes that some unspecified statute of frauds required FFS

to create written employment contracts, FEG has nevertheless admitted that the necessary written contracts existed; FEG's admission therefore shows that the statute-of-frauds defense fails as a matter of law. The court shall strike it as insufficiently pled.

FEG's fifteenth affirmative defense "reserves the right to assert additional affirmative defenses[.]" Dkt. No. 38 at 9. FFS argues this "is impermissible and should be stricken." Dkt. No. 42 at 6-7 (citing *Joe Hand Promotions*, 2012 WL 4803923). The court agrees; FEG's reservation of "the right to assert additional affirmative defenses" ineffectively purports to contravene Federal Rule of Civil Procedure 15. *See Joe Hand Promotions*, 2012 WL 4803923, at *7. The court shall therefore strike as immaterial the fifteenth affirmative defense. *See id.*

Finally, the court agrees that it should strike FEG's request for attorney fees and costs. FFS argues FEG failed to provide any statutory or contractual basis to support its request for attorney fees and costs, Dkt. No. 42 at 6, and FEG's opposition brief contains no responsive argument, Dkt. No. 45. The court agrees with FFS that the answer alleges no facts to support the fees-and-costs request. The court shall therefore strike FEG's request for attorney fees and costs. *Kibec v. Balog*, No. 12-cv-559-ST, 2012 WL 2529202, at *7 (D. Or. May 29, 2012).

## Conclusion

The fourth and fifth affirmative defenses are redundant and are not truly affirmative defenses. The fifteenth affirmative defense is immaterial. The third, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth affirmative defenses are insufficiently pled because FEG failed to allege particular facts to show they are plausible. FEG failed to allege a factual basis to support its request for attorney fees and costs. The court therefore strikes the request for attorney fees and costs and also strikes the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses.

The court grants FEG leave to file an amended answer no later than June 1, 2016. The amended answer, if filed: (1) may not raise, as affirmative defenses, causation or a reservation of the right to raise other defenses; (2) must contain FEG's initial factual pleadings, although FEG may supplement them with additional factual allegations; (3) may not raise any affirmative defense previously stricken as insufficiently pled unless it is supported by specific new factual

allegations; (4) may not request attorney fees and may not request costs unless any such requests are justified by specific new factual allegations and by citation to legal authority; and (5) may not contain any counterclaim, any new request for relief, or any new affirmative defense.

**IT IS SO ORDERED.**

Dated: 5/26/16

HOWARD R. LLOYD
United States Magistrate Judge