E-Filed 6/28/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREEDOM EQUITY GROUP, LLC, <br><br> Defendant. | Case No. 15-cv-01893-HRL <br><br> **INTERIM ORDER ON MOTION FOR SANCTIONS** <br><br> Re: Dkt. No. 70 |

The court heard oral arguments today on Plaintiff's motion for sanctions. This interim order memorializes two rulings the undersigned issued from the bench and strikes a procedurally improper declaration submitted by Plaintiff.

It is presently unclear whether Freedom Equity Group, LLC ("FEG") retained copies of pertinent agent applications that were digitally submitted to it. In light of this uncertainty, FEG's counsel shall submit a declaration by FEG which: (1) states whether the agent applications pertinent to this case were retained in any shape or form by FEG; and (2) explains the technical process through which those applications were submitted and became assimilated in FEG's data.

FEG's counsel admitted during the hearing that FEG produced a paper copy of a large spreadsheet instead of a native-format copy of underlying digital data. FEG's counsel signed a stipulated protective order, one adopted by the court, which entitles Plaintiff to receive the native-format data. Dkt. No. 35. FEG shall produce to Plaintiff a full native-format copy of the database, or full native-format copies of the databases, used to generate the spreadsheet previously produced by FEG. If FEG's counsel is unable to facilitate this production, then he shall work with Plaintiff's counsel to create the necessary copy or copies.

Plaintiff submitted yesterday a supplemental declaration in support of its motion. Dkt. No. 79. The declaration was untimely. Civ. L.R. 7-2. Plaintiff did not move the court to permit the

late filing, *see* Civ. L.R. 7-11, and the parties did not stipulate to extend the ordinary deadline for the filing of supporting papers, *see* Civ. L.R. 6-2. The court therefore strikes as procedurally improper the supplemental declaration.[1]

FEG shall comply with its obligations under this interim order no later than July 9, 2016. The court will issue a subsequent order to resolve the outstanding issues which were raised by Plaintiff's motion for sanctions and not resolved by this interim order.

**IT IS SO ORDERED.**

Dated: 6/28/16

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The court also notes, upon a brief review of the declaration and after discussing the declaration with the parties, that the declaration focuses on events which do not relate closely to the issues raised by the pending motion for sanctions.