E-filed 11/30/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC., <br><br>Plaintiff, <br><br>v. <br><br>FREEDOM EQUITY GROUP, LLC, <br><br>Defendant. | Case No.15-cv-01893-HRL <br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES** <br><br>Re: Dkt. No. 89 |

In its October 7, 2016, order on plaintiff First Financial Security's ("FFS") motion for sanctions related to defendant Freedom Equity Group's ("FEG") failure to comply with this court's discovery orders, the court stated:

> FFS is entitled to the attorney fees and costs reasonably incurred in the course of bringing its sanctions motion and filing its supplemental briefing because FEG, by repeatedly failing to comply with discovery orders, caused FFS to incur these fees and expenses. Fed. R. Civ. P. 37(b)(2)(C). FEG's failures were not substantially justified and no other circumstances make an award of expenses unjust.

Dkt. No. 88. FFS now moves the court for $22,393.00 in attorneys' fees and $1,353.88 in costs related to its sanctions motion and supplemental briefings. Dkt. No. 89. FEG objects solely to the number of hours counsel for FFS spent on what FEG states is a straightforward matter. Dkt. No. 96. For the reasons below, the court orders FEG to pay FFS $21,429.50 in fees and $1,353.88 in costs.

**DISCUSSION**

In reviewing applications for attorneys' fees, the court begins with the lodestar method and multiplies the number of hours reasonably spent by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court reviews time records submitted by the applicant to determine whether the hours were reasonably incurred or if any hours were "unnecessary,

duplicative or excessive," or inadequately documented. *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG (DMR), 2015 WL 3453459, at *1 (N.D. Cal., May 29, 2015). To determine reasonable hourly rates, "the court must look to the prevailing rate in the community—generally, the forum in which the district court sits—for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* The fee applicant bears the burden to "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates" are reasonable in light of prevailing rates in the community. *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). Courts may also award fees reasonably incurred in preparing motions for attorneys' fees. *True Health Chiropractic*, 2015 WL 3453459, at *1.

FEG has not challenged the reasonableness of the hourly rates charged by FFS's timekeepers. These rates are between $310-$340 per hour for FFS's attorneys, and $180 per hour for its paralegal. Dkt. No. 89, Davidson Decl., Hager Decl., Solomon Decl., Seguin Decl. Though FFS did not submit declarations or affidavits beyond those of the attorneys claiming fees to establish the reasonableness of these hourly rates, FFS did cite to several cases discussing rates prevailing in the Bay Area and the Northern District of California for similar types of work. *See True Health Chiropractic*, 2015 WL 3453459, at *2 (citing *In re Magsafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal., Jan. 30, 2015) (finding rates of $560-$800 reasonable for partners, $285-$510 reasonable for associates, and $150-$240 reasonable for paralegals)); *Ruch v. AM Retail Grp., Inc.*, No. 14-cv-05352-MEJ, 2016 WL 5462451, at *11 (N.D. Cal., Sep. 28, 2016) (citing cases finding hourly rates in excess of those claimed here to be reasonable). The court is satisfied from this presentation that the hourly rates charged by FFS's timekeepers are in line with those prevailing in the community.

In challenging the reasonableness of the hours FFS spent on its motion for sanctions and supplemental briefing, FEG does not point to any particular time entries that were unreasonable, but merely objects to the total time spent. FFS claims fees for 59.1 hours of attorney time and 13 hours of paralegal time related to its motion for sanctions and supplemental briefing and for 4 hours of attorney time related to preparing the present motion for fees.

As an initial matter, courts in this district have found this approximate number of hours

reasonable for motions for discovery sanctions. *True Health Chiropractic*, 2015 WL 3453459, at *2-4; *Pinterest, Inc. v. Pintrips, Inc.*, No. 13-cv-4608-RS (KAW), 2015 WL 154522 (N.D. Cal., Jan. 12, 2015). Additionally, even for relatively straightforward motions, total amounts of time that seem high at first glance may still be reasonable when broken down and explained. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) ("Some systematic perusal of the actual billing entries will often confirm that the reason for the seemingly high fee was not inefficiency, but careful compliance with the attorneys' responsibilities."). As stated above, the court must review the time records submitted to determine if the hours claimed are adequately documented and to decide if any are "unnecessary, duplicative or excessive." *True Health Chiropractic*, 2015 WL 3453459, at *1.

After reviewing each of the time entries submitted, the court finds that the time claimed for preparing the sanctions motion and supplemental materials is adequately documented and reasonable, with two exceptions. First, the court subtracts .4 hours/$126 from the time/amount charged on May 2, 2016, by Clifford S. Davidson, because counsel for FFS failed to subtract the time spent on other matters from the block billing entry on that date. *See* Dkt. No. 89, Davidson Decl., Ex. A. Second, the court subtracts .5 hours/$157.50 from the time/amount charged on July 12, 2016, by Clifford S. Davidson, because the task for which the time is claimed is connected to a different (albeit related) proceeding. *Id.* Finally, the court subtracts 2 hours/$680 from the request for fees related to preparing the present motion, as FFS failed to submit adequate documentation for this time and only submits an estimate of the time spent. *See Pinterest, Inc. v. Pintrips, Inc.*, No. 13-cv-4608-RS (KAW), 2015 WL 1545422, at *7 (N.D. Cal., Jan. 12, 2015) (reducing fees because the plaintiff relied on estimates of time spent). The court thus subtracts a total of $963.50 from the fees requested, and awards $21,429.50 in fees.

FEG does not object to the $1,353.88 in costs requested by FFS, and the court finds these costs well documented and reasonable.

## CONCLUSION

The court orders FEG to pay FFS $21,429.50 in fees and $1,353.88 in costs. FEG shall pay these amounts within 14 days of the date of this order.

3

1     **IT IS SO ORDERED.**

2     Dated: 11/30/2016

5     HOWARD R. LLOYD
United States Magistrate Judge