UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST FINANCIAL SECURITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM EQUITY GROUP, LLC,<br><br>Defendant. | Case No.15-cv-01893-HRL<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE** |

Previously in this case, a jury returned a verdict for Plaintiff, Dkt. No. 133, and the Court denied Defendant's motion for a new trial, Dkt. No. 175. Now, Plaintiff requests that the Court take judicial notice of an order issued by U.S. District Judge Stephen Wilson in *Do v. First Financial Security, Inc.*, 2:14-cv-7608-SVW-AJW (CD. Cal. Aug. 23, 2017). Dkt. Nos. 176, 177 Ex. A. For the reasons stated below, the Court denies Plaintiff's request.

**Legal Standard**

A court must take judicial notice of a fact if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). A fact may be judicially noticed if it is not subject to reasonable dispute because it is generally known and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). A court may take notice of proceedings in other courts, but only "if those proceedings have a direct relation to the matters at issue." *United States ex rel. Robinson Rancheria Citizens Council*

*v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). Further, a court may take judicial notice of prior proceedings "only for the limited purpose of recognizing the 'judicial act' that the order represents on the subject matter of the litigation." *Asante v. Cal. Dep't of Health Care Servs.*, 155 F. Supp. 3d 1008, 1019 (N.D. Cal. 2015) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)). For example, a court may take judicial notice of a prior judgment for the purpose of deciding whether a claim is barred by res judicata. *See, e.g.*, *Quinto v. JPMorgan Chase Bank*, 2011 WL 6002599, at \*5 (N.D. Cal. 2011) (taking judicial notice of prior judgment to decide motion to dismiss).

**Discussion**

Plaintiff asserts that Judge Wilson's order should be judicially noticed because it concerns a legal argument that Defendant raised earlier in this case. Dkt. No. 176. Specifically, Defendant argued in its motion for a new trial that one of Plaintiff's claims had been improperly based on a contract provision that is void under California law. Dkt. No. 148. The Court rejected this argument, concluding that it was untimely and improper in the context of a motion for a new trial. Dkt. No. 175 at 10-11. The Court also noted that some courts have upheld similar contract provisions. *Id.* In the *Do* case, to which Plaintiff is also a party, Judge Wilson addressed – and rejected – a similar argument about the invalidity of the same contract provision. Dkt. No. 177 Ex. A. Now, Plaintiff argues that by taking judicial notice of Judge Wilson's order, this Court would "complete the record" prior to Defendant's potential appeal of the verdict. Dkt. No. 176 at 3.

The proceedings before Judge Wilson bear similarities to the proceedings before this Court, but his order has no direct relation to any factual matters at issue in this case: there are no more factual matters at issue in this case. The jury delivered a verdict for Plaintiff and, as Plaintiff acknowledges, there are no other motions pending before the Court. Dkt. No. 176. Moreover,

2

Plaintiff has not explained how the existence, as opposed to the content, of Judge Wilson's order has any bearing on this case. *Cf. Quinto*, 2011 WL 6002599, at *5.

For the reasons stated above, Plaintiff's request for judicial notice is denied.

**IT IS SO ORDERED.**

Dated: 9/14/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge